**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| BANKS COUNTY GOLF, LLC, and GREEN RIDGE BUILDERS OF GEORGIA, LLC<br><br>PLAINTIFFS,<br><br>v.<br><br>TOWN OF HOMER, GEORGIA; MAYOR DOUGLAS "DOUG" CHEEK, DAVID DUNSON, CLIFTON "CLIFF" HILL, JAMES DUMAS, and JERRY W. PAYNE, in their individual and official capacities as members of the Town of Homer Town Council; and R. DAVID SYFAN, in his individual and official capacities as City Attorney<br><br>DEFENDANT. | Case No.<br><br>2:22-CV-148-RWS |

## NOTICE OF REMOVAL

Pursuant to U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants Town of

Homer, Georgia; Mayor Douglas Cheek; Council Members David Dunson, Clifton

Hill, James Dumas, and Jerry W. Payne; and City Attorney R. David Syfan

("Defendants") file this Notice of Removal to the United States District Court for

the Northern District of Georgia, Gainesville Division.[1]  Removal is based on

federal question jurisdiction because Plaintiffs assert claims arising under the laws

of the United States.  In support of this Notice, Defendants state as follows:

---

[1] Defendants' Civil Cover Sheet is attached as Exhibit 1.

1.      Plaintiffs Banks County Golf, LLC and Green Ridge Builders of Georgia, LLC ("Plaintiffs") filed a complaint for damages (the "Complaint") against the Defendants in the Superior Court of Banks County, Georgia (the "Superior Court"), Civil Action File No. 22CV147, on June 9, 2022.

2.      On June 29, Defendants acknowledged service of plaintiff's Complaint, summons, discovery requests, and related documents.  (*See* Exhibit 6).

3.      True and correct copies of all process, pleadings, and orders served upon or otherwise provided to or within the possession of the Defendants in conjunction with the Superior Court Action are attached in accordance with 28 U.S.C. § 1446(a) as follows:

Exhibit 2:   Plaintiffs' Complaint dated June 9, 2022;

Exhibit 3:   Summonses to the Defendants dated June 9, 2022;

Exhibit 4:   Plaintiffs' Motion for Appointment of a Special Process Server dated June 9, 2022;

Exhibit 5:   Superior Court Case Filing Information Form dated June 9, 2022;

Exhibit 6:   Plaintiffs' Rule 5.2 Certificate of Service of Plaintiff's First Discovery Requests to Defendants dated June 23, 2022; and

Exhibit 7:   Defendants' Acknowledgement of Service dated June 29, 2022.

4.      Plaintiffs purport to bring counts for Tortious Interference with Business and Contractual Relationships (Count I); violation of O.C.G.A. § 36-33-4

(Count II); Substantive Due Process under 42 U.S.C. § 1983 and the United States Constitution (Count III); Procedural Due Process under 42 U.S.C. § 1983 and the United States Constitution (Count IV); Punitive Damages (Count V); and Attorneys' Fees and Expenses of Litigation under O.C.G.A. § 13-6-11 and 42 U.S.C. § 1988 (Count VI). (*See* Ex. 1., Compl., at pp. 16-23).  Plaintiff seeks damages associated with the partial grant of a rezoning application for a parcel of property that they were under contract to buy in "an amount to be proved at trial." (*Id*., at p. 24).

5.      Removal is timely under 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days of the Defendants waiver of service of the Summons and the Complaint.[2]

6.      The United States District Court for the Northern District of Georgia, Gainesville Division is the federal district that embraces the place where the original action was filed and is pending, the Superior Court of Banks County, Georgia.  Removal to this Court is therefore proper under 28 U.S.C. § 1441(a).

---

[2] *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (time to remove is not triggered until the service of process is formally perfected, even if defendants receives a copy of the complaint through informal channels before that time).

7.      Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  This Court has original jurisdiction here pursuant to 28 U.S.C. § 1331 because it is apparent on the face of the Complaint that this action arises under and presents substantial questions of federal law under 42 U.S.C. § 1983 and the United States Constitution. Further, to the extent the Complaint alleges statutory, state common law, or other nonfederal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's claim under federal law and "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

8.      Therefore, removal to this Court is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

9.    Thus, because some of the Plaintiffs' claims arise under the laws of the United States and all Defendants consent to removal, removal of this entire cause of action is appropriate under 28 U.S.C. § 1441(a)–(c).

10.    In filing this Notice of Removal, Defendants do not waive, and specifically reserve, any and all objections as to personal jurisdiction, venue, and any other affirmative defenses it may assert.

11.    Promptly after filing this Notice of Removal, Defendants will provide written notice thereof to Plaintiff and also will file a copy of the Notice of Removal with the Clerk of the Superior Court of Banks County, Georgia, in accordance with 28 U.S.C. § 1446(d).

-6-

Respectfully submitted, this 29th day of July, 2022.

/s/ *Daniel B. Millman*
Johannes S. Kingma
Georgia Bar No. 421650
Daniel B. Millman
Georgia Bar No. 603728
*Counsel for Defendants*

**STITES & HARBISON PLLC**
303 Peachtree Street, N.E.
Suite 2800
Atlanta, GA  30308
Telephone:    (404) 739-8800
Facsimile:    (404) 739-8870
Email:         jkingma@stites.com
                dmillman@stites.com

-7-

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing has been prepared in Times New Roman

14-point font is in compliance with the United States District Court, Northern

District of Georgia Local Rule 5.1C.

This 29th day of July, 2022.

/s/ *Daniel B. Millman*
Johannes S. Kingma
Georgia Bar No. 421650
Daniel B. Millman
Georgia Bar No. 603728
*Counsel for Defendants*

**STITES & HARBISON PLLC**
303 Peachtree Street, N.E.
Suite 2800
Atlanta, GA  30308
Telephone:    (404) 739-8800
Facsimile:    (404) 739-8870
Email:        jkingma@stites.com
              dmillman@stites.com

-8-

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon all counsel of record, by United States first class mail, postage prepaid, and properly addressed as follows:

Bloom Parham LLP
Simon H. Bloom, Andrea J. Pearson, and Jacob W. Loken
977 Ponce de Leon Ave.
Atlanta, GA 30303

This 29th day of July, 2022.

/s/ *Daniel B. Millman*
Johannes S. Kingma
Georgia Bar No. 421650
Daniel B. Millman
Georgia Bar No. 603728
*Counsel for Defendants*

**STITES & HARBISON PLLC**
303 Peachtree Street, N.E.
Suite 2800
Atlanta, GA  30308
Telephone:    (404) 739-8800
Facsimile:    (404) 739-8870
Email:        jkingma@stites.com
              dmillman@stites.com